RECEIVED
IN MONROE, LA
OCT 9 - 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LAMAR BLANSON | CIVIL ACTION NO. 07-1587 |
| VERSUS | JUDGE ROBERT G. JAMES |
| AUTOZONE STORES, INC. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Pending before the Court is Magistrate Judge Karen L. Hayes' Report and Recommendation [Doc. No. 18], recommending that Plaintiff Lamar Blanson's ("Blanson") claims be dismissed with prejudice for failure to comply with or respond to the Court's orders. *See* FED. R. CIV. P. 41(b). For the following reasons, and for the reasons set forth in the Report and Recommendation, which the Court ADOPTS, Blanson's claims are DISMISSED WITH PREJUDICE.

## I. PROCEDURAL HISTORY

On April 17, 2008, Blanson's counsel withdrew from the case, and Blanson was ordered to enroll new counsel within 30 days or notify the Court in writing that he intends to proceed pro se. [Doc. No. 13].

On June 4, 2008, attorney Nelson Cameron notified that Court that he was reviewing the case to determine whether he would represent Blanson. The Court granted Blanson an additional 10 days to comply with the Court's April 17, 2008 order. [Doc. No. 14].

On July 3, 2008, the Court was notified by attorney John C. Turnage that attorney Nelson Cameron would not represent Blanson. [Doc. No. 15].

On August 22, 2008, the Court ordered Blanson to show cause in writing by September 5, 2008, why his complaint should not be dismissed with prejudice for failing to comply with the

Court's April 17, 2008 order. [Doc. No. 16]. Blanson did not respond.

On September 10, 2008, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 18], recommending that Blanson's claims be dismissed with prejudice. The time for filing an objection has lapsed, and Blanson has not filed an objection as of the date of this Ruling and Judgment.

## II.   LAW AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (citing FED. R. CIV. P. 41(b)). A dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Id.* Accordingly, dismissals with prejudice for failure to prosecute are appropriate "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* A "clear record of delay" exists when there has been "significant periods of total inactivity." *Id.* at 1191 n.5 (internal quotations omitted). In addition, typically one of three aggravating factors must be present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* at 1190 (internal quotations omitted).

In this case, the Court has given Blanson over five (5) months to obtain counsel or notify the Court that he wishes to proceed pro se. Blanson has failed to respond to two (2) of this Court's orders and has failed to explain his delay, despite being given several opportunities to do so. Because lesser sanctions have not prompted Blanson to diligently pursue this cause of action, and

it appears that the delay is solely attributable to his conduct, the Court ADOPTS Magistrate Judge Hayes' recommendation that his claims be dismissed with prejudice.

MONROE, LOUISIANA, this 9 day of October, 2008.

*Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE